**Mohamed A. OBAID, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney
General of the United States,
Respondent.**

No. 04–4891.

United States Court of Appeals,
Second Circuit.

Sept. 7, 2006.

William H. Berger, Berger & Berger,
Buffalo, New York, for Petitioner.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as respondent in this case.

Brian Pawlak, Assistant United States Attorney (Steven M. Biskupic, United States Attorney; Lennie A. Lehman, Assistant United States Attorney, on the brief); Milwaukee, Wisconsin, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. B.D. PARKER, Circuit Judges, Hon. DAVID G. TRAGER, District Judge.**

## SUMMARY ORDER

Mohamed Ali Obaid, a native and citizen of Yemen, petitions for review of the August 12, 2004 final order of removal of the Board of Immigration Appeals ("BIA"), and the April 4, 2003 summary affirmance of an immigration judge's ("IJ") denial of withholding of removal relief, CAT relief, and request for voluntary departure. Obaid contends that if returned to Yemen, he would be arrested and his life would be in danger because of his affiliation with antiunification South Yemen forces. We assume the parties' familiarity with the facts of this case, its procedural posture, and the decisions below.

## 1. Withholding of Removal and CAT relief

When the BIA summarily affirms the decision of the IJ without issuing an opinion, this Court reviews the IJ's decision as the final agency determination. See, e.g., *Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005); *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 156 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B). "Our review of the IJ's credibility findings is highly deferential."

*Xu Duan Dong v. Ashcroft*, 406 F.3d 110, 111 (2d Cir.2005) (citing *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–74 (2d Cir.2004)). This does not, however, mean that credibility findings are unreviewable. *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). We require the IJ to give "specific, cogent" reasons for rejecting testimony on credibility grounds, and that those reasons bear a "legitimate nexus" to the finding. *Id.* "Where the IJ's adverse credibility finding is based on specific examples in the record of inconsistent statements by the asylum applicant about matters material to his claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters, a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise." *Zhou Yun Zhang*, 386 F.3d at 74 (citations and internal quotation marks omitted).

■ Here, the IJ's credibility decision was based upon substantial evidence. Obaid's testimony and documentary evidence is rife with omissions and contradictions. For example, crucial assertions going to the heart of Obaid's claims for relief were omitted from his withholding of removal application, such as his opposition to the current government, that he was a target of the government, that he had been arrested and tortured for distributing political leaflets, and that he had been arrested when trying to depart for the United States. The withholding application simply mentions that Obaid's father had been a target of the government. The IJ was entitled to disbelieve Obaid's explanation that the translator omitted the essential from Obaid's application. Moreover, Obaid concedes that he submitted a sworn application and declaration for a visa ex-

** The Honorable David G. Trager, United States District Court for the Eastern District of New York, sitting by designation.

tension that omitted any reference to his alleged persecution and torture, and in which he falsely averred his intention to leave the United States at the expiration of his visa.

The IJ also noted a number of inconsistencies in the testimony and documentary evidence proffered by Obaid. Taken individually, the inconsistencies may be considered relatively minor; the cumulative effect, however, undercuts credibility. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 160 n. 15 (2d Cir.2006) ("Although the IJ acknowledged that these inconsistencies were minor, the IJ did not err in stressing the cumulative impact of such inconsistencies in making his adverse credibility determination.") (internal quotation marks omitted); *Jin Chen v. U.S. Dep't of Justice,* 426 F.3d 104, 113 (2d Cir.2005) ("We will affirm if the IJ's finding is supported by evidence that is 'reasonable, substantial, and probative' when considered in light of the record as a whole.") (quoting *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000)). Obaid offered explanations for the inconsistencies, but it was also not unreasonable for the IJ—who observed Obaid's demeanor—to reject the explanations.

In light of the IJ's adverse credibility determination, the IJ's failure to analyze the submitted country reports was not an abuse of discretion. Obaid failed to establish that he was a member of a group of individuals likely to be persecuted or tortured, let alone that he was individually likely to be persecuted or tortured. Likewise, the IJ was entitled to discredit the alleged arrest warrant, which came from an unidentified source.

**2. Voluntary Departure**

■ Voluntary departure is a discretionary form of relief, which the Attorney General may permit if an IJ enters an order granting voluntary departure in lieu of removal and finds that:

(A) the alien has been physically present in the United States for a period of at least one year immediately preceding the date the notice to appear was served ...;

(B) the alien is, and has been, a person of good moral character for at least 5 years immediately preceding the alien's application for voluntary departure;

(C) the alien is not deportable under section 237(a)(2)(A)(iii) or section 237(a)(4) [8 U.S.C. § 1227(a)(2)(A)(iii) or § 1227(a)(4) ]; and

(D) the alien has established by clear and convincing evidence that the alien has the means to depart the United States and intends to do so.

8 U.S.C. § 1229c(b). There is no dispute here that the IJ did not apply the four enumerated factors, and that instead the IJ reasoned that voluntary departure was unwarranted because Obaid lacked credibility and truthfulness, lacked immediate relatives in the United States, and lacked a long term residence in the United States or other compelling reason. As Obaid observes, the latter two factors, which are relevant to requests for a stay, are irrelevant to requests for leave to voluntarily depart.

The government contends, however, that we lack jurisdiction to review the error. While we ordinarily lack jurisdiction to review a discretionary judgment, such as the denial of voluntary departure, we retain jurisdiction pursuant to Section 106 of the REAL ID Act to review such judgments to the extent the review entails "constitutional claims or questions of law." 8 U.S.C. 1252(a)(2)(D); see *also* 8 U.S.C. § 1252(a)(2)(B)(i) (stripping jurisdiction from courts *except* as provided by subsec-

tion (a)(2)(D)).[1] The IJ's error with respect to the appropriate standard under which he may determine an alien's eligibility for voluntary departure is precisely the "narrow category of issues" over which we have jurisdiction. *Xiao Ji Chen*, 434 F.3d at 153 (2d Cir.2006) (quoting *Ramadan v. Gonzales*, 427 F.3d 1218, 1222 (9th Cir. 2005)).

We nonetheless conclude that a remand is unwarranted because there is "no realistic probability" that the BIA would find that Obaid is eligible for the discretionary relief of voluntary departure under the proper legal standard. *Xiao Ji Chen*, 434 F.3d at 161 (citing *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 395, 401–02 (2d Cir.2005)). To be eligible, Obaid must establish the four factors in Section 1229c(b)(1), and in particular, that he has been "a person of good moral character for at least 5 years" preceding his application for voluntary departure and that he "has established by clear and convincing evidence that [he] has the means to depart the United States and intends to do so." 8 U.S.C. § 1229c(b)(1)(B), (D).

With respect to good moral character, there is ample evidence in the record that the IJ found Obaid to be untruthful, and Obaid even conceded that he submitted false information under threat of perjury in his visa extension application. This Court has affirmed the BIA's determination that the giving of false statements under oath constitutes "false testimony" and deprives an alien of relief due to want of "good moral character." *See Medina v. Gonzales*, 404 F.3d 628 (2d Cir.2005).

Obaid's case is materially indistinguishable from the petitioner in Medina, and thus there is no realistic probability that the BIA would find that Obaid established the good moral character requirement.[2]

Likewise, Obaid's false statements in his visa extension application regarding his intention to leave the United States directly refute his present contention that he should now be trusted to leave the United States voluntarily. Obaid went to great lengths to "prove" his past intentions, even buying a $1300 plane ticket that he had no intention of ever using. There is no basis for thinking that an IJ would find by clear and convincing evidence that Obaid intends to leave voluntarily now.

The petition is hereby **DENIED**.

---

1. Obaid does not purport to raise a constitutional claim.

2. The chief ground of distinction between Obaid's case and the alien's in Medina are that Obaid submitted false submissions in a sworn written application (rather than at a hearing) and that he seeks the discretionary relief of voluntary departure (rather than withholding of removal). Neither ground changes the analysis; indeed, the fact that voluntary departure is discretionary weighs more heavily against finding Obaid eligible for relief, as the exercise of discretion turns on assessments of character and credibility.